218    PEOPLE ex rel. FROST v. MARVIN SAFE CO.

First Department, August Term, 1875.

THE PEOPLE ex rel. HENRY A. FROST v. THE MARVIN SAFE COMPANY and JAMES W. FOWLER, Justice.

*Summary proceedings — chapter 828 of 1868 — service of summons under - regularity of.*

An affidavit stating that a summons, issued under chapter 828 of 1868, and returnable November twenty-fifth, was served November twenty-third, is sufficient to satisfy the requirements of the law as to service.

Certiorari to review summary proceedings had under the landlord and tenant act. The following affidavits of service of the summons were made, upon the regularity of which this appeal rested :

STATE OF NEW YORK, }
City and County of New York, } *ss. :*

C. H. Munsell, of the said city, being duly sworn, says, that he did, on the 23d day of November, 1874, serve the within summons on H. A. Frost, the tenant therein named, by affixing the same on a conspicuous part of the premises within described; to wit, on the door thereof, and that the said tenant was absent from said premises at the time of said service, and that said premises are his last or usual place of residence, and that there was no person on said premises at the time of said service, and that section number three of chapter 828, Laws of 1868, was indorsed on the copy summons so served.

C. H. MUNSELL.

Sworn before me this 24th day }
of November, 1874.        }

A. J. De Lacy,
*Notary Public, N. Y. County.*

City of New York, *ss. :*

C. H. Munsell, of said city, being duly sworn, says, that he did, on the 23d day of November, 1874, serve the within summons in the city of New York on H. A. Frost, the tenant therein named, by leaving a true copy of the same at his usual place of residence

PEOPLE ex rel. FROST v. MARVIN SAFE CO.     219

First Department, August Term, 1875.

with John Lobz, a person of mature age, who, at the time of the said service, was on said premises, and resided thereon, said tenant being then absent from his usual place of residence, at the same time showing the original, and that section number three of chapter 828, Laws of 1868, was indorsed on the copy summons so served.

C. H. MUNSELL.

Sworn before me this 24th day }
    of November, 1874.           }

A. J. De Lacy,

*Notary Public, N. Y. County.*

*Henry A. Frost,* relator, in person.

*Edward L. Parris,* for the respondents.

Davis, P. J.:

The only point made by the relator is, that the summons was served only two days before the day of its return. Section 2, chapter 828, of the Laws of 1868 (Session Laws, vol. 2, p. 1931) provides that, " if the summons be returnable on the day on which it is issued, it shall be served at least two hours before the hour at which it is made returnable, and, if not returnable on the same day, it shall be served at least two days before the day on which it is made returnable." The summons in this case was issued on the 21st day of November, 1874, and was returnable on the twenty-fifth day of that month. It, therefore, conformed to the requirements of the statute, inasmuch as it was returnable in " not less than three, nor more than five days." (§ 30, title 10, chap. 8, part 3, Revised Statutes, as amended by chap 460, of the Laws of 1851; § 1, chap. 828 of the Laws of 1868.)

The summons was served on the twenty-third day of the month, which was two days before the return day mentioned therein. There were two affidavits of the proof of service ; one, of service by affixing the summons to a conspicuous part of the premises described therein, the tenant being absent, and there being no person on said premises at the time ; the other, of service on the twenty-third November, by leaving a true copy of the summons at the usual place of residence of the relator, with a person of mature

age, who, at the time. of such service, was on the premises, and resided therein, the tenant being absent from his usual place of residence, and at the same time showing the original.

Both affidavits state the time of service to have been on the twenty-third November. We think this was clearly sufficient to satisfy the requirements of chapter 828 of the Laws of 1868, above cited. The proceedings must, therefore, be affirmed, with costs.

DANIELS, J., concurred.

Proceedings affirmed.